Lund v. Gilbert, 17 N. M. 265.

[No. 1470, June 14, 1912.]

R. E. LUND, Appellee, v. J. C. GILBERT, Appellant.

SYLLABUS (BY THE COURT).

1. Where appellant has failed to file assignments of error, within the time required by sec. 21, chap. 57, L. 1907, as amended by sec. 2, chap. 120, S. L. 1909, and advantage is taken of such failure by motion to dismiss before such default has been cured, in the absence of a satisfactory showing, excusing the default, the appeal will be dismissed.

Appeal from the District Court of Chaves County.

O. O. ASKREN, for Appellant.

It is a well-settled principle of equity that where a party has been prevented in a former action wherein he was defendant from making his defense by the fraudulent acts of the plaintiff in such former suit and judgment was rendered against defendant therein, if the defendant had a meritorious defense in said cause an injunction will lie to restrain the enforcement of the former judgment. High on Injunctions, secs. 175 and 190 to 200; 16 Am. & Eng. Enc. L. 379-380; Black on Judgments, vol. 2, secs. 373-366-322; Kelley v. Kriess, 9 Pac. 129; Breshnahan v. Price et al., 57 Mo. 422; U. S. v. Throckmorton, 98 U. S. 93-95; Handley v. Jackson, 50 Pac. 915; Brusse v. Baker, 23 Am. Dec. 720; Overton v. Blum, 50 Tex. 417.

On motion to dismiss. Armijo v. Abeytia, 5 N. M. 533; Eagle Mining & Imp. Co. v. Lund, 113 Pac. 840.

R. E. LUND, for Appellee.

No one can be relieved against a judgment, however unjust he may consider it, if he had a defense and through his own fault he failed to present it. 12 Wall. 304.

A court of equity will not grant an injunction to restrain the enforcement of a judgment at law, on the

grounds of want of consideration, or that the contract sued on is against public policy, where the defendant through negligence fails to set up such defenses. 9 L. R. A. (N. S.) 524; Shricker v. Field, 9 Ia. 366; Hendrickson v. Finckley, 58 U. S. 443; Embry v. Palmer, 107 U. S. 3-20; U. S. v. Throckmorton, 98 U. S. 61; El Capitan L. & C. Co. v. Lees, 13 N. M. 407; 23 Cyc. 980.

Verdict of a jury or findings of a trial court will not be disturbed on appeal, when supported by substantial evidence. Territory v. Sais, 15 N. M. 171; Donovan v. Miller et al., 88 Pac. 82.

## OPINION OF THE COURT.

ROBERTS, C. J.—The appellant, by an order extending the time to file his transcript, made by the district judge of Chaves County, was given until the 17th day of February, 1912, to file such transcript. The transcript was filed with the clerk of this court on the 3rd day of February, 1912, and within the time allowed, but no assignment of errors was filed, and on the 12th day of March thereafter, and after the expiration of the return day, appellee filed a motion to dismiss the appeal, because of the failure to file assignment of errors. Thereafter, on March 21, appellant filed assignment of errors, but has made no showing as to why the assignment of errors were not filed prior to the return day or the date of the filing of the motion to dismiss the appeal.

By sec. 21, chap. 57, S. L. 1907, as amended by sec. 2, chap. 120, S. L. 1909, the appellant is required to file a copy of his assignment of errors with the clerk of the supreme court on or before the return day to which the cause is returnable, and in default of such assignment of errors and filing the same, the appeal or writ of error may be dismissed and the judgment affirmed, unless good cause for failure be shown. In the case of Gauss-Langenberg Hat Co. v. The Raton National Bank, decided at the present term of this court, the court, in discussing this statute said:

"That statute provides that if the plaintiff in error fails to file an assignment of error on or before the return day,

the writ of error may be dismissed and the judgment of the lower court affirmed, upon motion of the defendant in error, unless the plaintiff in error shall show good cause for his default. It has been held in this court that where the motion of defendant in error is filed before the plaintiff in error has cured his default, in the absence of a satisfactory showing excusing the default, the writ of error will be dismissed." Citing Price et al. v. Toti et al., 16 N. M. 1; The Sacramento Irrigation Co. v. Lee, 15 N. M. 567; Martin v. Territory, 6 N. M. 491; Lamy v. Lamy, 4 N. M. 29.

1.   The appellee, having filed his motion to dismiss, after default of appellant in filing a copy of his assignment of errors, and before such default has been cured by filing such assignment of errors, and no good cause having been shown for the failure to comply with the provisions of the statute, the motion to dismiss the appeal was well taken, and must be sustained, and it is so ordered.

